ALICE L. THOMAS v. DAVE DE MOSS.

(Filed, 27 April, 1932.)

1. **Bills and Notes B c—Instrument negotiable in its origin continues negotiable until its discharge in absence of restrictive endorsement.**

   A bond which is negotiable in its origin continues to be negotiable until it is discharged by payment or otherwise, unless there is a restrictive endorsement by a holder thereof. C. S., 3028.

2. **Same—Provisions in bond in this case held not to render it nonnegotiable.**

   Where a bond is a negotiable instrument under the laws of this State, C. S., 2982, provisions therein that the bond should be payable to bearer, or if registered to the registered holder only, and provisions for an extension of time, upon application of the maker, in the discretion of trustee in the deed of trust securing it, does not change its negotiable character, since a holder in due course does not forfeit his rights against the maker by the registration of the bond in his option, and unless an extension is granted under the terms of the bond it is payable at a fixed time according to its tenor.

3. **Same—Provisions in deed of trust did not affect the amount due on bond secured thereby nor render the bond nonnegotiable.**

   Where a bond secured by a deed of trust is in all respect negotiable, its negotiable character is not affected by provisions in the deed of trust incorporated in the bond by reference thereto that sums paid by the trustee or holder of the bond for taxes or insurance should be deemed

principal money and secured by the deed of trust, the provisions of the deed of trust stipulating only that such sums should be secured thereby but not added to the amount of the bond, and the bond is in a sum certain and is negotiable.

APPEAL by defendant from *Stack, J.*, at November Term, 1931, of ALAMANCE. Affirmed.

This is an action to recover on a bond executed by the defendant, and held by the plaintiff at the commencement of the action as a holder in due course.

At the trial of the action, after the bond sued on, with certificates endorsed thereon, and the deed of trust by which the bond was secured, had been introduced in evidence, the parties to the action, entered into a stipulation, which appears in the record, and is as follows:

"It is agreed by counsel for both sides that the determination of this controversy depends on whether or not the bond sued on is a negotiable instrument, and both parties agree to leave it to the court to declare whether or not it is a negotiable instrument. If the court shall hold that the bond is a negotiable instrument, then the plaintiff shall have judgment for the amount of the bond, to wit, $500, with interest. If in the court's opinion the bond is not a negotiable instrument, then the plaintiff shall take nothing by the action. Both sides reserve the right to appeal from the decision of the court."

The bond sued on is in words and figures as follows:

"UNITED STATES OF AMERICA
STATE OF NORTH CAROLINA

First Mortgage Six Per Cent Gold Bond
Secured by Improved Real Estate.

No. 1.                                                                $500.

Dave De Moss of the county of Alamance, State of North Carolina, for value received, hereby acknowledges himself indebted and promises to pay to the bearer hereof, or if this bond be registered, to the registered holder hereof, five hundred dollars in gold coin of the United States of America, or equivalent to the present standard of weight and fineness, on the 30th day of June, in the year 1929, at the office of Alamance Insurance and Real Estate Company, in the city of Burlington, State of North Carolina, or its successors under the deed of trust hereinafter mentioned, subject to the provisions hereinafter made for extension of time, upon the surrender of this bond, and to pay interest thereon at the rate of six per cent per annum from the 30th day of June, 1928, semiannually, at the office of the said Alamance Insurance and Real

Estate Company, in like gold coin on the 30th day of June and December of each year so long as this bond may be and remain in force.

Said Alamance Insurance and Real Estate Company, or its successors under said deed of trust, may in its or their discretion, extend the time for the payment of the principal hereof by extensions of not more than one year at a time for not more than fifteen years from the maturity date above written, unless the holder of this bond shall by notice in writing to said Alamance Insurance and Real Estate Company, or its successors, at least 60 days before the maturity date above written, or 60 days before the same day and month in any subsequent year, demand payment of this bond; and in the event of no application for extension, or of a refusal to grant extension or of such demand for payment, this bond shall become due and payable, if no extensions theretofore shall have been granted, upon the maturity date first above written, or if theretofore, extensions shall have been granted, then upon the expiration of the last granted period of extension.

This bond is one of a series of bonds numbered from 1 to 8, inclusive, aggregating $4,000, two of said bonds falling due the 30th day of June, 1929, respectively, all of which are equally secured,

First. By deed of trust, the same being a first mortgage on real property, recorded in the office of the register of deeds of Alamance County, North Carolina.

Second. By insurance of the buildings situated on said land for the benefit of the bondholders.

Third. By a guarantee of Alamance Insurance and Real Estate Company, which said guarantee is set forth on the back hereof.

All of which will appear by reference to the deed of trust bearing date of 30th day of June, 1929, executed by the maker of this bond, reference to which said deed of trust for the description of the property mortgaged, the nature and extent of the security and the terms and conditions upon which this bond is issued is hereby made, all with the same effect as if the provisions of the said deed of trust were herein fully set forth.

The principal of this bond may be registered in the name of the holder on the bond transfer books of Alamance Insurance and Real Estate Company, at the office of said company in the city of Burlington, North Carolina, and such registration shall be noted on this bond by the said Alamance Insurance and Real Estate Company, and thereupon this bond shall be transferred only upon such transfer books, and such transfer shall be similarly noted on this bond, but the same may be discharged from registry by transfer in like manner to bearer, and there-

upon negotiability by delivery shall be restored, but this bond may again, from time to time, be registered and transferred to bearer as before.

This bond shall not be obligatory for any purpose until it shall have been authenticated by a certificate endorsed hereon duly signed by Alamance Insurance and Real Estate Company, or its successor under said deed of trust.

In witness whereof, the maker of this bond has hereto set his hand and affixed his seal, this 30th day of June, 1928.

                                          Dave De Moss.    (Seal.)
Attest: J. G. Rogers."

Endorsed on said bond are certificates, duly executed, as follows:

"Alamance Insurance and Real Estate Company's Certificate.

Alamance Insurance and Real Estate Company does hereby certify that this bond is one of the bonds described in the within mentioned deed of trust.

                    Alamance Insurance and Real Estate Company,
                              By Chas. V. Sharpe, Secretary."

"Certificate of Registration.

Date of registration, 30 June, 1928; in whose name registered, Mrs. Alice L. Thomas; transfer agent, Annie D. Moser."

The deed of trust referred to in said bond, and executed by the maker, Dave De Moss, and his wife, Flossie De Moss, to the Alamance Insurance and Real Estate Company, as trustee, contains provisions to the following effect:

1st. That any sum or sums paid by the holders of the bonds secured by said deed of trust, or by the trustee as guarantor of said bonds, as taxes assessed on the property described in said deed of trust, shall be deemed principal money, secured by said deed of trust.

2nd. That any sum or sums paid by the holders of the bonds secured by said deed of trust, or by the trustee as guarantor of said bonds, as premiums for insurance on the buildings situated on the land described in said deed of trust, shall be deemed principal money secured by said deed of trust.

The court was of opinion that the bond sued on in this action was a negotiable instrument under the laws of this State, at the time it was sold and negotiated to the plaintiff by the original holder thereof, and

in accordance with this opinion, and pursuant to the stipulation of the parties appearing in the record, adjudged that plaintiff recover of the defendant the sum of $500, with interest and costs. The defendant excepted to the judgment and appealed to the Supreme Court.

*J. Dolph Long for plaintiff.*
*Leo Carr for defendant.*

Connor, J. At the date of its issue, the bond sued on in this action was in writing and signed by the maker; it contained an unconditional promise by the maker to pay a sum certain in money; it was payable at a fixed time; and it was payable to bearer. It was, therefore, under the law of this State (C. S., 2982), a negotiable instrument, both as to the maker and as to holders in due course, unless certain provisions appearing in its face, or incorporated therein by reference to the deed of trust by which it was secured, destroyed its negotiability, both as to the maker and as to holders. If the bond was a negotiable instrument in its origin, in the absence of a restrictive endorsement by a holder, it continued a negotiable instrument until it was discharged by payment or otherwise. C. S., 3028. *Johnson v. Lassiter,* 155 N. C., 47, 71 S. E., 25, *Wettlaufer v. Baxter,* 137 Ky., 362, 125 S. W. 741, 26 L. R. A. (N. S.), 804. In the last cited case it is said:

"When a paper is started on its journey into the commercial world, it should retain to the end the character given to it in the beginning, and written in its face. If it was intended to be a negotiable instrument, and was so written, it should continue to be one. If it was intended to be a nonnegotiable instrument, and was so written, it should so remain. Then every one who puts his name on it, as well as every one who discounts or purchases it, will need only to read it to know what it is, and what his rights and liabilities are."

The defendant contends that the bond sued on was not a negotiable instrument at the date of its issue, because it is provided on its face, (1) that the amount of the bond shall be payable to bearer, or if registered, to the registered holder only, and (2) that the time for its payment may be extended.

Neither of these contentions can be sustained. The right to have the bond registered is given to a holder of the bond for his protection, and may be exercised or not in his discretion, without affecting the liability of the maker. One who has acquired the bond as a holder in due course does not forfeit his rights as such holder against the maker by the registration, at his option, of the bond.

An extension of the time for the payment of the bond can be granted only upon the application of the maker, and then in the discretion of the trustee in the deed of trust by which the bond is secured, and with the consent of the holder of the bond. Unless such extension be granted, the bond is payable at a fixed time according to its tenor.

The defendant further contends that the bond was not a negotiable instrument because its amount is not a sum certain, by reason of the provisions in the deed of trust with respect to sums paid for taxes or insurance premiums, which are incorporated in the bond by reference to the deed of trust.

This contention cannot be sustained. Sums paid by the holders of the bonds or by the trustee for taxes or for insurance premiums, are not added to the amount due on the bond. It is provided only that such sums shall be deemed principal money and shall be secured by the deed of trust. The amount due on the bond, which is certain and not contingent, is not affected by the provisions in the deed of trust with respect to sums paid for taxes or for insurance premiums. There is no error in the judgment. It is

Affirmed.